# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PALMCO POWER PA L.L.C. d/b/a INDRA ENERGY; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAMES SMITH ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself, and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of PALMCO POWER PA L.L.C. d/b/a INDRA ENERGY (hereinafter "Defendant"), in negligently, knowingly, and/or willfully contacting

**CLASS ACTION COMPLAINT**
-1-

Plaintiff on Plaintiff's landline telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under 28 U.S.C. § 1331 because this matter arises out of a question of federal law—namely, the Telephone Consumer Protection Act.

3.  Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and because Defendant does business within the State of Pennsylvania.

## PARTIES

4.  Plaintiff, JAMES SMITH, is a natural person residing in Philadelphia County, Pennsylvania and is a "person" as defined by 47 U.S.C. § 153(10).

5.  Defendant is a limited liability company of the Commonwealth of Pennsylvania which maintains its principal place of business in Brooklyn, New York.

6.  Defendant is an energy supplier and a "person" as defined by 47 U.S.C. § 153(39). Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to

Plaintiffs, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. On or about August 24, 2021, Defendant contacted Plaintiff on his landline telephone number ending in -9751, in an attempt to solicit Plaintiff to purchase its products and services.

9. Defendant called Plaintiff from telephone number (215) 679-0171.

10. Defendant did not have Plaintiff's prior express consent to contact him on his landline telephone number ending in -9751.

11. Further, at the time of Defendant's initial call, Plaintiff's telephone number ending in -9751 had been on the National Do-Not-Call Registry for far

more than thirty days, as it was registered on May 20, 2004.

12. Despite not having Plaintiff's consent to contact him and not receiving any response to its initial call, Defendant called Plaintiff again several more times from different outgoing telephone numbers, including on August 26, 2021, September 3, 2021, October 5, 2021, and twice on October 6, 2021.

13. Based on the content of Defendant's calls, specifically the use of a prerecorded voice message, Plaintiff alleges that they were placed using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1).

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Plaintiff was never a customer of Defendant and has never provided any personal information, including his landline telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were attempts to promote or sell Defendant's services.

17. Plaintiff received at least two such calls from Defendant within a 12-

month period.

18.  Based upon Plaintiff's experience of being called by Defendant after having his number registered with the National Do-Not-Call Registry for years prior to Defendant's initial call, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

19.  These calls by Defendant, or their agents, violated 47 U.S.C. § 227(b)(1) and 47 U.S.C. § 227(c).

## CLASS ALLEGATIONS

20.  Plaintiff brings this action on behalf of himself, and all others similarly situated, as a member of the two proposed classes (together, "The Classes").

21.  Plaintiff represents, and is a member of, the ATDS Class ("ATDS Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint through the date of class certification.

22.  Plaintiff represents, and is a member of, the DNC Class ("DNC Class") defined as follows:

> All persons within the United States registered on the

> National Do-Not-Call Registry for at least thirty days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call placed by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of this Complaint through the date of class certification.

23. Defendant, their employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that members of The Classes may be ascertained by the records maintained by Defendant.

25. Plaintiff and members of the ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and ATDS Class members by using solicitation/marketing calls, thereby causing Plaintiff and the ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and

the ATDS Class members had previously paid, thereby invading the privacy of said Plaintiff and the ATDS Class members.

26. Common questions of fact and law exist as to all members of the ATDS Class which predominate over any questions affecting only individual members of the ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant made any solicitation/marketing call (other than a call made for emergency purposes or made with the prior express consent of the called party) to any ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice;
    b. Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violations; and
    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received multiple solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class.

28. Plaintiff and members of the DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff

and the DNC Class members for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

29. Common questions of fact and law exist as to all members of the DNC Class which predominate over any questions affecting only individual members of the DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry for over thirty days and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;
    b. Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff's or the DNC Class members' telephones;
    b. Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violations; and
    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

30. Plaintiff and the members of The Classes have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Classes will continue to face the potential for irreparable harm. In

addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of The Classes could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all The Classes' members is impracticable. Even if every member of The Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member.

33. The prosecution of separate actions by individual members of The Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members not parties to

such adjudications or that would substantially impair or impede the ability of such non-party members to protect their interests.

34. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of The Classes as a whole.

## FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act
47 U.S.C. § 227(b)
On Behalf of Plaintiff and the ATDS Class**

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b)

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
**Knowing/Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)**
**On Behalf of Plaintiff and the ATDS Class**

39. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b).

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**
**On Behalf of Plaintiff and the DNC Class**

43. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

45.  As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

## FOURTH CAUSE OF ACTION
**Knowing/Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**
**On Behalf of Plaintiff and the DNC Class**

46.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

47.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

48.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

49.  Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff, and members of the Classes, the following relief against Defendant:

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff and the ATDS Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
**Knowing/Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff and the DNC Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION
**Knowing/Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(c)**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any and all other relief that the Court deems just and proper.

### TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 28th Day of June, 2023.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman (SBN 310961)
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com